UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-cv-24261-ALTONAGA/Reid

BURTON KATZ, BRENT LEVISON,
ELISHA ROTHMAN, ARLENE MAHON
and ON POINT GLOBAL, LLC,

    *Plaintiffs,*

v.

SCOTTSDALE INSURANCE COMPANY,

    *Defendant.*
_____/

## SECOND AMENDED COMPLAINT[1]

Burton Katz, Brent Levison, Elisha Rothman, and Arlene Mahon (the "Insured Persons") and On Point Global, LLC ("OPG") sue Scottsdale Insurance Company, as follows:

### NATURE OF THIS ACTION

1. This is an action for damages arising from Scottsdale's failure to defend or indemnify the Insured Persons and OPG in connection with a lawsuit brought by the FTC in 2019.

2. The Insured Persons and OPG collectively incurred millions of dollars in expenses through years of contentious litigation. Those expenses are compensable under Scottsdale's Policy (defined below).

---

[1] The Insureds initially sued Scottsdale as a third-party defendant in *Allied World v. Katz*, No. 20-20974-CIV-ALTONAGA/Reid (S.D. Fla.) on April 10, 2024. The Insureds filed an Amended Third-Party Complaint against Scottsdale on July 8, 2024. On October 25, 2024, the Court entered a dismissal in light of a settlement with Allied World and directed the remaining parties to refile their pleadings (and amend as appropriate) upon the Court's opening of a new case. This filing's title reflects the matter's procedural history.

Case No.: 1:24-cv-24261-ALTONAGA/Reid

## JURISDICTION AND VENUE

3. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). This action involves parties of diverse citizenship and the amount in controversy exceeds $75,000.00 excluding interest, costs, and attorney's fees.

4. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b)(2) because Scottsdale breached an insurance policy issued and delivered to OPG in Miami, Florida, and a substantial part of the events or omissions giving rise to this controversy occurred in this District.

## THE PARTIES

5. <u>Burton Katz</u>: Katz, *sui juris*, is domiciled in Florida because he permanently resides in Florida and intends to remain there.

6. <u>Brent Levison</u>: Levison, *sui juris*, is domiciled in Florida because he permanently resides in Florida and intends to remain there.

7. <u>Elisha Rothman</u>: Rothman, *sui juris*, is domiciled in Florida because he permanently resides in Florida and intends to remain there.

8. <u>Arlene Mahon</u>: Mahon, *sui juris*, is domiciled in Florida because she permanently resides in Florida and intends to remain there.

9. <u>On Point Global, LLC</u>: OPG is a Delaware limited liability company with its principal place of business in Miami, Florida. OPG's members are: (a) Levison; (b) Cardozo Holding, LLC; (c) Bronco Family Holdings, LP; (d) Mac Media, Ltd.; and (e) On Point Capital Partners, LLC. Cardozo Holding, LLC is a Nevis limited liability company with its principal place of business in Miami, Florida. Cardozo Holding, LLC's sole member is Levison. Bronco Family Holdings LP is a Bahamian partnership with its principal place of business in Miami, Florida.

Case No.: 1:24-cv-24261-ALTONAGA/Reid

Bronco Family Holdings LP's sole members are Katz and his wife, Marjan Katz, who is domiciled in Florida because she permanently resides in Florida and intends to remain there. Mac Media, Ltd. is a Belize corporation with its principal place of business in Miami, Florida. On Point Capital Partners, LLC is a Delaware limited liability company with its principal place of business in Miami, Florida. On Point Capital Partners, LLC's sole member is Robert Zangrillo, who is domiciled in Florida because he permanently resides in Florida and intends to remain there.

10. <u>Scottsdale Insurance Company</u>: Upon information and belief, Scottsdale is an Ohio corporation with its principal place of business in Columbus, Ohio. At all times material to this action, Scottsdale sold insurance policies in Florida.

## GENERAL ALLEGATIONS

### *Scottsdale's Primary D&O Policy*

11. Scottsdale issued Business and Management Indemnity Policy No. EKS3294401 to OPG in Miami, Florida, effective May 31, 2019 through May 31, 2020, with a $5,000,000 aggregate limit of liability under the Management Insureds and Company Coverage Section and a $1,000,000 limit under the Fiduciary Coverage Section ("Policy"). Ex. A, Certified Policy, at 6 (Scottsdale_000202).

12. Under the Management Insureds and Company Coverage ("MICC") Section of the Policy, Scottsdale agreed to reimburse the Insured Persons, a/k/a "Management Insureds," and OPG, a/k/a "Company," as follows:

   A. **INSURING CLAUSES**

      1. The **Insurer** shall pay the **Loss** of the **Management Insureds** for which the **Management Insureds** are not indemnified by the **Company** and which the **Management Insureds** have become legally obligated to pay by reason of a **Claim** first made against the **Management Insureds** during the **Policy Period** or, if elected, the **Extended Period**, and reported to the **Insurer**

3

    pursuant to Section E.1. herein, for any **Wrongful Act** taking place prior to the end of the **Policy Period.**

2. The **Insurer** shall pay the **Loss** of the **Company** for which the **Company** has indemnified the **Management Insureds** and which the **Management Insureds** have become legally obligated to pay by reason of a **Claim** first made against the **Management Insureds** during the **Policy Period** or, if elected, the **Extended Reporting Period**, and reported to the **Insurer** pursuant to Section E.1. herein, for any **Wrongful Act** taking place prior to the end of the **Policy Period.**

3. The **Insurer** shall pay the **Loss** of the **Company** which the **Company** becomes legally obligated to pay by reason of a **Claim** first made against the **Company** during the **Policy Period** or, if elected, the **Extended Reporting Period**, and reported to the **Insurer** pursuant to Section E.1. herein, for any **Wrongful Act** taking place prior to the end of the **Policy Period.**

Ex. A at 17 (Scottsdale_000213) § A.

13. For purposes of the MICC Section:

   a. **Loss** means "damages, judgments, settlements, pre-judgment and post-judgment interest awarded by a court, and **Costs, Charges and Expenses** incurred by **Management Insureds** under Insuring Clauses 1. or 2. . . .," subject to certain exceptions. *Id.* at 18-19 (Scottsdale_000214-15) § B.8.

   b. As modified by Endorsement 19, **Costs, Charges and Expenses** means "reasonable and necessary legal costs, charges, fees and expenses incurred by any of the **Insureds** in defending **Claims** . . . up to the applicable Limit of Liability" and "cost[s] of investigation." *Id.* at 55 (Scottsdale_000251) § B.3.

   c. **Claim** means, *inter alia*, "a written demand against any **Insured** for monetary damages or non-monetary or injunctive relief; [and/or] a civil proceeding against any **Insured** seeking monetary damages or non-monetary or injunctive relief." *Id.* at 17 (Scottsdale_000213) § B.1.

   d. **Management Insureds** include "all **General Partners, Directors and Officers, Managers**, and employees of the **Company**." *Id.* at 19 (Scottsdale_000215) § B.9.

   e. **Wrongful Acts** include "any actual or alleged error, omission, misleading statement, misstatement, neglect, breach of duty or act allegedly committed or attempted by: a. any of the **Management Insureds,** while acting in their capacity as such . . . ; [or] b. any of the **Management Insureds,** while acting in their capacity as a director, officer, trustee, governor, executive director or similar position of any

**Outside Entity** where such service is with the knowledge and consent of the **Company**." *Id.* at 19-20 (Scottsdale_000215-16) § B.12.

14. Scottsdale also agreed to reimburse the Insured Persons and OPG under the Fiduciary Coverage Section of the Policy, which states:

> **Insurer** shall pay the **Loss** of the **Insureds** which the **Insureds** have become legally obligated to pay by reason of a **Claim** first made against the **Insureds** during the **Policy Period** or, if elected, the **Extended Period**, and reported to the **Insurer** pursuant to Section E.1. herein for any **Wrongful Act** taking place prior to the end of the **Policy Period.**

*Id.* at 71 (Scottsdale_000267) § A.1.

15. For purposes of the Fiduciary Coverage Section, **Insureds** includes **Insured Persons,** which encompasses "any natural persons who were, now are, or shall become a trustee, director, officer or employee of the **Sponsor Company** [OPG]" and "any natural persons for whose **Wrongful Acts** any of the **Insureds** are legally responsible." *Id.* at 27-28 (Scottsdale_000223-24) § B.6, B.8.

16. The relevant prongs of **Loss, Claim,** and **Wrongful Act** are defined in substantially the same manner under the Fiduciary Coverage Section and the MICC Section.

### *Initial Stages of the 2019 FTC Action*

17. On December 9, 2019, the FTC filed a Complaint for Permanent Injunction and Other Equitable Relief against OPG, the Insured Persons, and other entities concerning alleged violations of 15 U.S.C. § 45(a). *See generally* Ex. B, Compl. for Permanent Inj. & Other Equitable Relief. In essence, the FTC accused OPG and the Insured Persons of operating transactional websites (*i.e.*, renewing licenses and checking eligibility for housing benefits) that did not deliver the services they purported to. The FTC sought to hold the Insured Persons individually liable for the alleged violations, alongside OPG and other "Corporate Defendants" purportedly controlled by the Insured Persons.

5

18. On December 13, 2019, the Court appointed Melanie Damien as the Receiver of OPG and other Corporate Defendants in the 2019 FTC Action. Ex. C, Sealed Order Granting *Ex Parte* TRO & Order to Show Cause, at Page 11 of 55 § 11.[2]

19. This Court entrusted the Receiver with various obligations, including a specific duty to "[i]nvestigate any claims the Receiver on behalf of the Receivership Defendants [i.e., OPG and certain 'Corporate Defendants'] may possess against third parties . . . ." *Id.* at Page 12 of 55 § 12.

20. This Court also authorized the Receiver and certain personnel to be compensated from assets held by the Receivership Entities, including OPG. *Id.* at Page 18 of 55 § 19.

### *Scottsdale's Coverage Denial*

21. The Insured Persons tendered the 2019 FTC action to Scottsdale for a defense and indemnity on December 23, 2019. Ex. D, Dec. 31, 2019 Ltr. from A. Zwibel, at 1 (Scottsdale_00077).

22. Scottsdale did not dispute the Insured Persons sought coverage for **Loss** incurred as **Management Insureds** and/or **Insureds** arising from a **Claim** for a **Wrongful Act** first made and reported during the **Policy Period**. *See generally id.* On December 31, 2019 and January 15, 2020, however, Scottsdale denied coverage under the MICC Section based predominantly on a professional services exclusion. *Id.* at 5 (Scottsdale_000280); Ex. E, Jan. 15, 2020 Ltr. from A. Zwibel, at 4-5; *see also* Ex. F, Feb. 5, 2020 Ltr. from K. Little, at 1-3. Scottsdale did not state a position regarding the Fiduciary Coverage Section.

---

[2] The temporary (five-day) seal was lifted on or around December 20, 2019.

Case No.: 1:24-cv-24261-ALTONAGA/Reid

23. By letters dated May 20, 2020 and September 29, 2020, the Receiver also asserted a formal claim and demand under and against Scottsdale's Policy on behalf of OPG. Ex. G, May 20, 2020 Ltr. from D. Cimo, at 2.[3]

24. Scottsdale failed and refused to indemnify OPG.

### *Outcome of the 2019 FTC Action*

25. In light of Scottsdale's coverage denial, the Insured Persons and OPG were forced to fund their own defense for approximately four years in the 2019 FTC Action. OPG also had to compensate the Receiver and other entities from its own assets.

26. The Insured Persons' defense expenses were reasonable under the circumstances. Of the several individuals named in the 2019 FTC Action, only Katz and Levison were held individually liable for damages and/or the practices of OPG. Rothman became subject to a permanent injunction, but neither he nor Mahon became personally liable for damages and/or the practices of OPG. Following a bench trial in November 2021, the Court found that OPG and other defendants were jointly and severally liable for up to $102,768,235.47 in compensatory remedies, but the ultimate award was reduced to approximately $19,599,235.68—an $83,168,199.79 reduction in total exposure.

*27.* OPG also incurred millions of dollars in legal expenses vis-à-vis the Receiver and other entities, which were paid from OPG's receivership estate. Those expenses were Court-approved and therefore reasonable.

### *The Insured Persons' Indemnification Claim*

28. On February 22, 2022, the Insured Persons requested indemnification of their defense expenses from OPG via the Receiver pursuant to an indemnification clause of the

---

[3] OPG expects a copy of the Receiver's September 29, 2020 letter to be produced during discovery.

company's Second Amended and Restated Limited Liability Company Agreement ("Indemnification Claim"). The Indemnification Claim encompassed all losses, liability, and damages incurred by the Insured Persons, including legal fees and monetary damages arising from the 2019 FTC Action.

29. On March 29, 2022, the Receiver rejected the Insured Persons' Indemnification Claim. The Receiver concluded that OPG was not obligated to indemnify the Insured Persons because they had not acted in the company's best interests.

30. The Insured Persons' defense expenses remain non-indemnified.

31. Scottsdale has not indemnified OPG for the final award or amounts paid to the Receiver or other entities from the receivership estate.

32. The Insured Persons and OPG engaged the undersigned counsel to represent them in this action and agreed to pay a reasonable fee for services rendered.

33. All conditions precedent to this action have been performed, waived, or have otherwise occurred.

## COUNT I – BREACH OF CONTRACT
**(Insured Persons against Scottsdale)**

34. The Insured Persons reallege Paragraphs 1 through 33 above.

35. <u>Enforceable Contract</u>: At all times material to this action, the Insured Persons were covered under the Policy, which is an enforceable contract under the laws of the State of Florida. All conditions precedent for coverage under the Policy have been satisfied.

36. <u>Duty</u>: The Policy obligates Scottsdale to, *inter alia*, indemnify the Insured Persons as alleged in Paragraphs 1 through 33, except as may be limited by exclusions or other limitations.

37. <u>Breach</u>: Scottsdale, through the acts of its agent, servants, and/or employees, failed to perform its obligations under the Policy as alleged herein and thus breached the Policy by failing

to indemnify the Insured Persons in relation to the 2019 FTC Action. No exclusions or limitations apply.

38. Damages: As a direct, foreseeable, and proximate result of Scottsdale's breaches of its obligations under the, the Insured Persons suffer and continue to suffer damages.

WHEREFORE, Katz, Levison, Rothman, and Mahon demand judgment against Scottsdale for damages in an amount to be proven at trial, including pre- and post-judgment interest, attorney's fees pursuant to Section 626.9373, Florida Statutes[4] and/or applicable law, and any further relief this Court deems equitable, just, and proper.

## COUNT II – BREACH OF CONTRACT
### (OPG against Scottsdale)

39. OPG realleges Paragraphs 1 through 33 above.

40. Enforceable Contract: At all times material to this action, OPG was covered under the Policy, which is an enforceable contract under the laws of the State of Florida. All conditions precedent for coverage under the Policy have been satisfied.

41. Duty: The Policy obligates Scottsdale to, *inter alia*, indemnify OPG as alleged in Paragraphs 1 through 33, except as may be limited by exclusions or other limitations.

42. Breach: Scottsdale, through the acts of its agent, servants, and/or employees, failed to perform its obligations under the Policy as alleged herein and thus breached the Policy by failing to indemnify OPG in relation to the 2019 FTC Action. No exclusions or limitations apply.

43. Damages: As a direct, foreseeable, and proximate result of Scottsdale's breaches of its obligations under the Policy, OPG suffered and continues to suffer damages.

---

[4] Scottsdale issued the Policy and denied coverage before Section 626.9373 was repealed (prospectively) via Chapter 2023-15, Section 11, Laws of Florida. *See Baptist Coll. of Fla. Inc. v. Church Mut. Ins. Co. SI,* No. 22cv158, 2023 WL 4358785, at *6-7 (N.D. Fla. June 23, 2023).

Case No.: 1:24-cv-24261-ALTONAGA/Reid

WHEREFORE, OPG demands judgment against Scottsdale for damages in an amount to be proven at trial, including pre- and post-judgment interest, attorney's fees pursuant to Section 626.9373, Florida Statutes[5] and/or applicable law, and any further relief this Court deems equitable, just, and proper.

### JURY TRIAL DEMAND

The Insured Persons and OPG request a trial by jury on all issues so triable.

Respectfully submitted,

VER PLOEG & MARINO, P.A.
100 S.E. Second Street, Suite 3300
Miami, FL 33131
305-577-3996
305-577 3558 *facsimile*

/s/ Rochelle N. Wimbush
**Rochelle N. Wimbush, Esq.**
Florida Bar No. 74200
rwimbush@vpm-legal.com
smcgee@vpm-legal.com
**Alexander I. Loy, Esq.**
aloy@vpm-legal.com
lmulhall@vpm-legal.com
*Counsel for Burton Katz, Brent Levison, Elisha Rothman, Arlene Mahon and On Point Global, LLC*

---

[5] Scottsdale issued the Policy and denied coverage before Section 626.9373 was repealed (prospectively) via Chapter 2023-15, Section 11, Laws of Florida. *See Baptist Coll.*, 2023 WL 4358785, at *6-7.

Case No.: 1:24-cv-24261-ALTONAGA/Reid

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF on November 4, 2024, on all counsel or parties of record on the Service List below.

/s/ Rochelle N. Wimbush
**Rochelle N. Wimbush, Esq.**

## SERVICE LIST

Rochelle N. Wimbush, Esq.
Alexander I. Loy, Esq.
Ver Ploeg & Marino, P.A.
100 S.E. Second Street, Suite 3300
Miami, FL 33131
305-577-3996
305-577-3558 *facsimile*
rwimbush@vpm-legal.com
aloy@vpm-legal.com
lmulhall@vpm-legal.com
smcgee@vpm-legal.com
*Counsel for Burton Katz, Brent Levison, Elisha Rothman, Arlene Mahon and On Point Global, LLC*

Michael A. Packer, Esq.
Marshall Dennehey, P.C.
2400 E. Commercial Blvd., Suite 1100
Ft. Lauderdale, FL 33308
954-847-4920
954-627-6640 *facsimile*
mapacker@mdwcg.com
mmalvarez@mdwcg.com
nnsaffie@mdwcg.com
pleadingsftl@mdwcg.com
*Co-Counsel Scottsdale Ins. Co.*

Sabrina Haurin, Esq.
Evan C. Ecos, Esq.
Bailey Cavalieri LLC
10 W. Broad Street, Suite 2100
Columbus, OH 43215-3422
614-221-3155
shaurin@baileycav.com
eecos@baileycav.com
eclark@baileycav.com
*Pro Hac Vice Co-Counsel Scottsdale Ins. Co.*