UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-24261-CIV-ALTONAGA/Reid

**BURTON KATZ**; *et al.*,

    Plaintiffs,

v.

**SCOTTSDALE INSURANCE COMPANY**,

    Defendant.
_____/

## ORDER ADMINISTRATIVELY CLOSING CASE

**THIS CAUSE** came before the Court *sua sponte*. On April 29, 2025, Plaintiffs, On Point Global LLC ("OPG"), Burton Katz, Brent Levision, and Elisha Rothman, filed their Motion for Partial Summary Judgment [ECF No. 17]; and Defendant, Scottsdale Insurance Company filed a Motion for Summary Judgment [ECF No. 19]. Plaintiffs and Defendant then filed their respective Responses [ECF Nos. 27, 25] and Replies [ECF Nos. 29, 30]. Upon review of the parties' briefings and considering the pending appeal in the underlying litigation, the Court finds a stay is warranted. The Court explains.

*Background.* This action arises from an insurance coverage dispute between Plaintiffs, the beneficiaries of an indemnification policy, and Defendant, the insurer. (*See generally* Second Am. Compl. ("SAC") [ECF No. 6]). Defendant issued an indemnification policy to Plaintiff OPG (*see* SAC, Ex. 1, the "Policy" [ECF No. 6-1]), providing coverage for losses resulting from claims made against OPG and its "management insureds." (*Id.* 17–19).[1] Relevant here, the Policy

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

includes a dishonesty exclusion that bars coverage for losses on account of any claim involving a "dishonest, deliberately fraudulent or criminal act of an [insured,]" *provided that a final judgment is rendered against such insured as to the conduct.*" (*Id.* 21 (emphasis and alteration added)). If the Dishonesty Exclusion applies, the insureds must reimburse the insurer for any costs, charges or expenses. (*See id.*).

In 2019, the Federal Trade Commission ("FTC") filed an action against Plaintiffs, s*ee FTC v. On Point Global, LLC*, No. 19-cv-25046 (S.D. Fla. 2024), alleging that Plaintiffs operated websites that misled customers into providing their personal information and money in exchange for publicly available information. (*See* SAC, Ex. 2, 2019 FTC Compl. [ECF No. 6-2] ¶¶ 109–65). The court ultimately ruled against Plaintiffs in various dispositive orders. *See, e.g.*, *FTC v. On Point Global, LLC*, Contempt Order [ECF No. 666] filed March 14, 2023; *FTC v. On Point Global, LLC,* Am. Permanent Inj. [ECF No. 582] filed Nov. 16, 2021; *FTC v. On Point Global, LLC*, Verdict and Order Following Non-Jury Trial [ECF No. 579] filed Nov. 16, 2021; *FTC v. On Point Global, LLC*, Order on Cross Mots. for Summ. J. [ECF No. 528] filed Sept. 29, 2021.

In this action, Plaintiffs seek coverage for losses associated with defending the 2019 FTC suit. (*See generally* SAC; Policy). Yet, Plaintiffs Katz and Levision have appealed the underlying final judgments in the 2019 suit, and the appeal is pending. *Federal Trade Commission v. Burton Katz, et al.*, No. 23-11197 (11th Cir. 2025). Relevant here, in the competing summary judgment Motions, the parties debate the applicability of the Dishonesty Exclusion, which requires a final judgment. (*See, e.g.*, Def.'s Mot. 24–25; Pls.' Resp. 16–17).

**Legal Standard.** "The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citation omitted); *see also Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001) ("[W]e accord district courts broad discretion over the management of pre-trial

CASE NO. 24-24261-CIV-ALTONAGA/Reid

activities, including discovery and scheduling." (alteration added; citations omitted)). "The inherent discretionary authority of the district court to stay litigation pending the outcome of [a] related proceeding in another forum is not questioned." *CTI-Container Leasing Corp. v. Uiterwyk Corp.*, 685 F.2d 1284, 1288 (11th Cir. 1982) (alteration added; citations omitted). Indeed, "to await a federal appellate decision that is likely to have a substantial or controlling effect on the claims and issues in the stayed case" is "at least a good . . . if not an excellent" reason to stay the case. *Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist.*, 559 F.3d 1191, 1198 (11th Cir. 2009) (alteration added).

*Discussion.* Given the lack of finality to the final judgments, the Court is persuaded the prudent course is to stay this action while the Eleventh Circuit decides the appeal in *Federal Trade Commission v. Burton Katz, et al.*, No. 23-11197 (11th Cir. 2025). Any decision by the Eleventh Circuit will be binding on the Court and may impact applicability of the Dishonesty Exclusion. The stay should be reasonably brief and is certainly not indefinite given that the Eleventh Circuit heard oral arguments on the appeal on April 30, 2025. *See generally id.*, Order Scheduling Oral Argument [ECF No. 40] filed Mar. 5, 2025. At bottom, given the impact the Eleventh Circuit's ruling may have on this case, and to conserve the parties' and judicial resources and prevent inconsistent rulings, the most efficient course is to enter a temporary stay of this action.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The case is **STAYED** pending the Eleventh Circuit's decision in *Federal Trade Commission v. Burton Katz, et al.*, No. 23-11197 (11th Cir. 2025). The deadlines in this case are **SET ASIDE**.

2. The parties shall provide the Court with status updates regarding the pending matter **every 30 days** on the 16th day of every month, beginning June 16, 2025.

3. All pending motions are **DENIED without prejudice**.

CASE NO. 24-24261-CIV-ALTONAGA/Reid

4. The case is **ADMINISTRATIVELY CLOSED**, for statistical purposes only, without prejudice to the substantive rights of any of the parties.  Any party may move to reopen the case at the appropriate time; any motion to reopen shall be accompanied by a proposed joint updated scheduling report.

**DONE AND ORDERED** in Miami, Florida, this 10th day of June, 2025.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:     counsel of record